IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT BURKE,**

    Petitioner,

v.                                                            Civil Action No. 3:13cv167
                                                                     (Judge Groh)

**RUSSELL PERDUE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On November 14, 2013, Robert Burke ("Burke"), the *pro se* petitioner, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, initiated this case by filing a petition pursuant to 28 U.S.C. §2241 along with a motion to proceed as a pauper with supporting documents. By Order entered November 19, 2013, the petitioner was granted leave to proceed *in forma pauperis* ("IFP") but directed to pay the five dollar filing fee. On December 3, 2013, the petitioner paid the requisite fee.

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915A and LR PL 2, is ripe for review.

## I. Factual and Procedural History[2]

On December 5, 2001, pursuant to a criminal complaint filed the same day, petitioner was arrested for a violation of 18 U.S.C. §1623, arising out of false declarations he gave on October 2, 2001, before a Grand Jury in the Northern District of Illinois. Petitioner's perjury was given to disguise his role in facilitating the notorious failed escape of one Jeffrey Erickson ("Erickson"), a

---

[1] Petitioner is now incarcerated at FCI Fort Dix, in Fort Dix, New Jersey.

[2] The recitation of the factual history of the petitioner's conviction and sentence is taken from the petitioner's criminal docket, available on PACER (N.D. Ill. 1:01cr1049), as well as the opinion on his direct appeal to the 7th Circuit Court of Appeals. See N.D. Ill. Dkt.# 241 (1:01cr1049).

1

fellow inmate at the Metropolitan Correction Center ("MCC") in Chicago, Illinois,[3] using a handcuff key that Burke had provided to him. Erickson used the key on July 20, 1992, to escape from the basement of the Dirksen Federal Building while he was being transported back to the MCC after a day of trial. The escape resulted in the deaths of three people: a Deputy U.S. Marshal, a Court Security Officer, and Erickson himself. Petitioner was interviewed by the FBI in connection with the escape, and subsequently pled guilty on his bank theft charges. He was paroled after serving approximately half of the 5-year concurrent term of incarceration he received for those charges, and, while on supervised release, fled the jurisdiction. A warrant was issued for his arrest on November 30, 1994. On September 4, 1998, he was finally arrested in London, England. Burke fought extradition for two years, but was ultimately returned to the United States on December 22, 2000 on the violation of his supervised release. Upon his return, he was subpoenaed to testify before the Grand Jury investigating the escape. Afterwards, he was sent back to the MCC, where he befriended several other inmates, to whom he eventually confided his role in providing the handcuff key used by the prisoner in the 1992 escape. On October 2, 2001, he was granted immunity from prosecution for the escape attempt, and afterwards, testified falsely in front of the Grand Jury, denying any knowledge of the handcuff key or having procured it. On December 5, 2001, the district court determined that he should not have been sentenced to supervised release on the earlier bank theft conviction, because the offense occurred prior to when the relevant U.S.S.G. provisions took effect. Accordingly, the district court held the supervised release portion of Burke's bank theft sentence was void *ab initio*, and ordered his immediate release. Burke was arrested the same day on the Grand Jury perjury charges.

On December 11, 2001, Burke was charged in a one-count indictment of violating 18 U.S.C. §1623. On March 12, 2002, a superseding indictment was entered, adding five more counts, for a

---

[3] At the time, petitioner was being detained at the MCC on a theft from a bank charge.

total of six counts of 18 U.S.C. §1623 violations. On November 21, 2002, after a 14-day trial, petitioner was convicted of five of the six counts in the superseding indictment.

On September 12, 2003, Burke was sentenced to 50 months each on Counts One, Two, Four and Five of the superseding indictment, to run concurrently, and 40 months on the remaining count, Count 6, to run consecutively to the concurrent sentences on Counts One, Two, Four and Five, for a total term of 240 months' imprisonment,[4] to be followed by a term of three years' supervised release on each count, to run concurrently. Petitioner timely appealed to the United States Court of Appeals for the Seventh Circuit.

On appeal, Burke raised the following claims:

1) the district court should have dismissed the indictment because his prosecution for perjury violated the Rule of Specialty contained in the extradition treaty between the United States and England; and

2) the vacatur of his supervised release sentence undermined the basis for his extradition and thus stripped the court of jurisdiction.

3) The district court erred in denying his motion to dismiss the indictment on the theory that he was called before the Grand Jury for the purpose of producing perjured testimony; and

4) erred by admitting evidence of his prior bad acts to prove he committed perjury.

5) The government's refusal to grant his mother immunity for procuring the key Burke gave to Erickson, and slipping it to Burke during visiting hours at the MCC, prevented his mother from providing important exculpatory testimony, thus distorting the trial's fact-finding process.

6) The government committed prosecutorial misconduct by knowingly presenting false testimony to the Grand Jury and at trial, and then failing to correct the statements.

7) The district court abused its discretion, when it denied his motion for a new trial, based on a theory that a fellow prisoner had lied about being present in the MCC main visiting room when Burke's parents visited.

8) The district court erred in failing to dismiss the indictment after an FBI Special Agent allegedly testified falsely before the Grand Jury; and

9) the district court thwarted his right to cross examine government witnesses by denying his request for their pre-sentence reports, constituting a Jencks Act violation.

---

[4] (N.D. Ill. Dkt.# 209)(1:01-cr-01049).

3

10) Count Two of the superseding indictment was immaterial to the Grand Jury's investigation and should have been dismissed;

11) the evidence was insufficient to sustain his conviction; and

12) his sentence violated the Sixth Amendment as interpreted in <u>United States v. Booker</u>.[5]

On September 28, 2005, the 7th Circuit Court of Appeals affirmed Burke's conviction but vacated his sentence and remanded him back to the district court for sentencing consistent with <u>Booker</u>.[6]

On remand, on September 13, 2007, the district court again sentenced Burke to 240 months imprisonment.

Burke timely appealed again, contending that:

1) his sentence exceeds the statutory maximum for any one of his convictions;

2) more than one conviction for different false statements before the same Grand Jury violated the Double Jeopardy Clause;

3) the 240-month sentence was unreasonably long for a person convicted of perjury.

Despite Burke's arguments, by Order entered on June 11, 2008, the Seventh Circuit affirmed his sentence.[7]

On April 6, 2009, petitioner filed a Motion to Vacate Pursuant to 28 USC §2255 in the sentencing court, seeking to vacate his convictions or, in the alternative, reduce his sentence. He argued that that the lawyers who represented him on appeal, including trial counsel, were constitutionally ineffective for failing to challenge the court's order disqualifying trial counsel; that appellate counsel and trial counsel were ineffective for failing to properly raise the argument that four of his perjury counts were multiplicitous, and, therefore, that sentencing him to consecutive

---

[5] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[6] <u>United States v. Burke</u>, No. 03-3483 (7th Cir. Sep. 28, 2005).

[7] <u>United States v. Burke</u>, No. 07-3411 (7th Cir. June 11, 2008).

4

terms for each conviction violated the Double Jeopardy Clause. The §2255 motion was denied on April 21, 2010.[8] Petitioner appealed the same, but it was affirmed by the Seventh Circuit Court of Appeals.

On August 25, 2011, while incarcerated in the Southern District of Indiana, petitioner filed a petition for writ of habeas corpus pursuant to 28 USC §2241 challenging the computation of his sentence and contending he had not received prior custody credit for time spent in custody in England during the extradition process. It was denied on September 6, 2012.[9]

## II. Claims Raised by the Petitioner

Petitioner attacks the validity of his sentence, asserting that:

1) his consecutive sentences have the force and effect of mandatory minimums and the Supreme Court recently ruled that "Requisite Statutory Factual Predicate(s)" are constitutionally protected, therefore his sentences are illegally and unconstitutionally unsound, "with the underpinnings of actual innocence, and the failure of the criminal process."

As relief, petitioner requests that his sentences be vacated, and he be re-sentenced, "consistent with the jury's verdict, which for this case is time served."[10]

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention, is that the "moment the sentence, in this case, relied on its discretion to conduct a proceeding relying on a preponderance of the evidence a miscarriage of justice was manifested."[11]

## III. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

---

[8] Burke v. United States, 1:09cv2107 (N.D. Ill. Apr. 21, 2010), aff'd. No. 10-2472 (7th Cir. Oct. 29, 2010).

[9] Burke v. Lockett, 2:11cv212, (S.D. Ind. Sep. 6, 2012), aff'd. No. 12-3325 (7th Cir. Jan. 25, 2013).

[10] Dkt.# 1 at 8.

[11] Dkt.# 1 at 9.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence vacated, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[12]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, is challenging the sentence itself. Specifically, he is alleging that his Sixth Amendment rights were violated when the district court imposed five consecutive, rather than concurrent sentences for his

---

[12] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h)(1) and (2).

convictions for five separate violations of 18 U.S.C. §1623, resulting in a total term of 240, rather than 60 months imprisonment, a result he claims is "synonymous with mandatory minimums."[13] Thus, he contends, his continued detention for the same is a fundamental miscarriage of justice.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §1623 remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in Alleyne v. United States[14] is misplaced.[15] In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. With respect to 18 U.S.C. §1623, the

---

[13] Dkt.# 1-1 at 20.

[14] 133 S.Ct. 2151 (2013).

[15] Somewhat unclearly, petitioner also cites to "Barrage v. United States, 133 S.Ct. 2049 (2013) [sic]," in support of his motion. However, the actual name of that case is Burrage v. United States, and it provides no support for petitioner's claims; the total text of that opinion is that "Motion of petitioner for leave to proceed *in forma pauperis* granted. Petition for writ of *certiorari* to the United States Court of Appeals for the Eighth Circuit granted limited to Questions 1 and 2 presented by the petition." Petitioner also cites to "Rosemond v. United States, 2013 U.S. LEXIS 4108 (2012) [sic]", but the entire text of that opinion is that "[p]etition for writ of *certiorari* to the United States Court of Appeals for the Tenth Circuit granted." Because neither of these cases provide anything meaningful to the analysis, they will not be discussed.

provision of the Criminal Code under which the petitioner was convicted and sentenced, there is no mandatory minimum sentence. Therefore, the prohibition established by <u>Alleyne</u> is not implicated. Even if it were, a number of courts that have considered the question thus far have found that <u>Alleyne</u>, in that it is a mere extension of <u>Apprendi</u>, is not intended to be retroactively applied. See <u>id</u>., <u>United States v. Reyes</u>, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); <u>United States v. Eziolisa</u>, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); <u>United States v. Standley</u>, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 7 (N.D. Okla. July 16, 2013); <u>Affolter v. United States</u>, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013). Moreover, the Fourth Circuit has stated squarely in at least one decision, that the § 2255 savings clause does not apply to petitioners who challenge only their sentences. <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008).

While it is true that petitioner's consecutive sentences give him a total cumulative sentence of 240 months, or twenty years, a conviction under 18 U.S.C. §1623 provides for a maximum sentence of not more than five years (60 months). The petitioner only received 50 months on four of the counts, and on the fifth, only 40 months. Although the government moved for an upward departure on the basis of Burke's actions in supplying the handcuff key that resulted in two murders,[16] petitioner did not even receive the maximum possible sentence of three hundred months, or twenty-five years. Further, petitioner has already repeatedly challenged his sentence in his §2255 motion, in his prior §2241 petition in the Southern District of Indiana, and on his second appeal after resentencing. In the opinion rendered on that appeal, the Seventh Circuit held that

> The sentence exceeds the statutory maximum for any one of Burke's convictions. The district judge reached 240 months by making several of the sentences [sic] run consecutively. Burke does not contend that <u>Booker</u> prohibits this procedure. Instead he argues that more than one conviction for different false statements before the same grand jury violated the double jeopardy clause . . . Not that the argument has any substance. Burke was tried just once. The double jeopardy clause does not forbid convictions for overlapping offenses, provided that only one trial—which is to say, a

---

[16] <u>See</u> PreSentence Investigation Report, N.D. Ill., 1:01cr1049, Dkt.# 267 at 22.

8

> single jeopardy—takes place. . . The only question is statutory and concerns the appropriate unit of prosecution. Yet Burke has not argued that the charges are multiplicitous, and as each count concerns a separate false statement such an argument would be untenable . . . **Burke contends that a 240-month sentence is unreasonably long for a person convicted of perjury. Yet it is in the middle of the range under the Sentencing Guidelines, and as Burke does not argue that the range has been determined incorrectly, the sentence is presumed reasonable** . . . **Burke wants us to compare his sentence with that of other persons convicted of perjury without the sort of enhancing factors that increased his own range. (One of these factors is that the offense about which Burke lied, in an effort to throw the grand jury off the scent, is a murder in which Burke himself played a major role). Arguments about unwarranted disparity are pointless when the sentence is within a properly determined range**, for the Guidelines are designed to treat similar situations similarly. . . The difference between Burke's sentence and what would be meted out in a plain-vanilla perjury case is not an "unwarranted" disparity; to the contrary, it would be unwarranted to disregard the aggravating considerations associated with Burke's crimes.

(N.D. Ill. Dkt.# 276 at 2)(1:01cr1049)(emphasis added).

Finally, even assuming petitioner's claims were not procedurally barred as having previously been repeatedly litigated, which they are; and were timely, which they are not,[17] because petitioner was not sentenced in this District, this Court is also without jurisdiction to decide his claims.[18] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Seventh Circuit Court of Appeals, the sentencing court would likewise be without authority to hear this case.[19]

### IV. Recommendation

---

[17] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[18] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[19] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by October 14, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 30, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE