**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ROBERT BURKE,**

        Petitioner,

v.                                 **CIVIL ACTION NO.: 3:13-CV-167**
                                     **(GROH)**

**CHARLES WILLIAMS,**[1]
**Warden of FCI Gilmer,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R, [ECF 15], on September 30, 2014. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 petition, [ECF 1], be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150

---

[1] The proper respondent for a petition filed under 28 U.S.C. § 2241 is the petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, the Clerk is **DIRECTED** to substitute Charles Williams, Warden of FCI Gilmer, as the Respondent in this matter, replacing "Russell Purdue."

(1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution, Fort Dix, in Fort Dix, New Jersey, on October 3, 2014,[2] and the Petitioner timely filed his objections.

On November 21, 2002, a jury found the Petitioner guilty on five counts of making false statements to a grand jury under 18 U.S.C. § 1623. On September 13, 2007, following an appeal and subsequent remand, the Petitioner was sentenced by a federal district court in the Northern District of Illinois to fifty months' imprisonment on each of four counts and forty months' imprisonment on one count, with each count ordered to run consecutive to the others, for a total term of 240 months' imprisonment. On June 11, 2008, the Court of Appeals for the Seventh Circuit affirmed his sentence. On April 6, 2009, the Petitioner filed a motion to vacate, pursuant to 28 U.S.C. § 2255, in his sentencing court in the Northern District of Illinois. On April 21, 2010, the court denied his motion. That denial was affirmed on appeal. On November 14, 2013, this Court received the instant § 2241 petition.

It is "well established" that a defendant who seeks to challenge his or her conviction or sentence should do so through § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see also, e.g., Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.

---

[2] At the time the Petitioner filed his petition, he was incarcerated at FCI Gilmer in Glenville, West Virginia. Accordingly, this Court has proper jurisdiction over his 28 U.S.C. § 2241 petition.

1999) (per curiam) ("[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255."). Conversely, § 2241 "is typically used to challenge the manner in which a sentence is executed," as opposed to a conviction or the imposition of a sentence. Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). A petitioner may not file a second or successive § 2255 motion attacking a conviction or sentence "without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Here, the Petitioner has not obtained permission to so proceed. Instead, he argues that his petition should move forward under § 2255's "savings clause."

The savings clause allows a petitioner to bring certain claims through a § 2241 petition that would otherwise be inappropriate, but only under specific circumstances. Pursuant to the savings clause, a prisoner may seek relief by challenging the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255; In re Vial, 115 F.3d at 1194. A petitioner "bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Petition," and the standard is a stringent one. See Blow v. Stansberry, Civil Action No. 2:08-CV-426, 2008 WL 7703018, at *1 (E.D. Va. Oct. 16, 2008) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)), aff'd per curiam, 325 F. App'x 224 (4th Cir. 2009). A remedy is not inadequate or ineffective merely because a petitioner has been unable to obtain relief under § 2255 or because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5. In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction when all three of the following

3

conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

Here, the Petitioner argued in his § 2241 petition that his multiple consecutive sentences should be invalidated because "[c]onsecutive sentences have the force and effect of mandatory minimums." He alleged that his Sixth Amendment rights were violated by the imposition of five consecutive sentences. As relief, he requested that his sentences be vacated and that he be given a sentence of "time served." The Petitioner is directly attacking his federal sentence, and therefore his proper avenue for relief is through § 2255. The remedy provided by § 2255 is not rendered inadequate or ineffective simply because second or successive petitions are prohibited. See In re Vial, 115 F.3d at 1194 n.5. It is clear the Petitioner cannot meet the savings clause of § 2255 because the conduct of which the Petitioner was convicted, making false declarations before a grand jury, remains a criminal offense under 18 U.S.C. § 1623. See In re Jones, 226 F.3d at 333-34.

In his objections filed with this Court, the Petitioner makes a passing effort at contesting the magistrate judge's recommendation that his petition be dismissed. The Petitioner states that he "finds relief in the Savings Clause," and cites to Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), a decision issued by the Court of Appeals for the Eleventh Circuit, for support. However, in Bryant, the Eleventh Circuit explicitly provided that, in the Fourth Circuit, "*no type of sentencing claim* justifies savings-clause relief." Id. at 1280

4

(citing United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")). In this case, as stated above, the Petitioner is directly attacking his sentence. In another one-sentence argument, the Petitioner asserts that he is "actually innocent" of the offenses for which he was convicted, but he fails to allege any facts in support of this averment. He concludes with the following passage: "The term 'Misplaced' was stated in the Magistrate's Motion to the District Court. Erroneous enhancements, and calculations, used to banish Petitioner from society, and his voice diminished to a faint whisper, now that's misplaced." There is no doubt the Petitioner is attacking his federal sentence.

Because the Petitioner cannot satisfy the savings clause of § 2255, his § 2241 petition must be dismissed. Upon careful consideration of the record, the parties' filings and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error with regard to those portions of the R&R that the Petitioner does not object to.

Accordingly, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation, [ECF 15], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's objections are **OVERRULED**. The Court **ORDERS** that the Petitioner's § 2241 petition, [ECF 1], is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to substitute Charles Williams, Warden of FCI Gilmer, as the Respondent in this matter. The Clerk is further **DIRECTED** to enter a separate order of judgment in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58.

As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** June 30, 2015

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE